IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MYRNA COBART                                                                                     PLAINTIFF

V.                                    CASE NO. 4:14-cv-00353-JTK

CAROLYN W. COLVIN, *Acting Commissioner,*                             DEFENDANT
Social Security Administration

**MEMORANDUM AND ORDER**

Plaintiff Myrna Cobart brings this action for review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). After reviewing the administrative record and the arguments of the parties, the Court finds that substantial evidence supports the Commissioner's decision.

**I.      PROCEDURAL HISTORY**

Ms. Cobart protectively filed her applications for DIB and SSI on October 19, 2011, alleging a disability onset date of April 19, 2009.[1] (R. at 155.) She alleged complications from muscle spasms, right leg dragging, anxiety, depression, numbness in her right leg, and back pain. (R. at 193.) The Social Security Administration denied Ms. Cobart's claims at the initial and reconsideration levels. (R. at 12.) On May 8, 2013, an Administrative Law Judge ("ALJ") held a hearing on this matter. (R. at 15.) On July 5, 2013, the ALJ issued an unfavorable

---

[1] "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3).

decision, denying Ms. Cobart's claims. (R. at 33.) On April 15, 2014, the Appeals Council denied her request for review. (R. at 1.)

On June 13, 2014, Ms. Cobart filed a complaint against the Commissioner, appealing the ALJ's denial of DIB and SSI. (Pl.'s Compl. 1, ECF No. 2.) On June 24, 2014, the district judge reassigned the case to the Court based on the parties' consent. (Consent 1, ECF No. 4.) Both parties have submitted appeals briefs for the Court to consider. (Pl.'s Br., ECF No. 10; Def.'s Br., ECF No. 11.)

## II.   ADMINISTRATIVE PROCEEDINGS

Ms. Cobart was fifty years old at the time of the administrative hearing and had received her GED. (R. at 31-32.) She had past relevant work as a cashier/checker, cashier II, and hospital housekeeper. (R. at 20.) The ALJ applied the five-step sequential evaluation process to Ms. Cobart's claims.[2] (R. at 13.) The ALJ found that Ms. Cobart satisfied the first step because she had not engaged in substantial gainful activity. (R. at 14.) At step two, the ALJ found that Ms. Cobart suffered from the severe medical impairments of complaints of back and leg pain and status post L4-5 laminectomy. (R. at 14.) At step three, the ALJ found that Ms. Cobart did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 16-

---

[2]The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work.  Through step four of this analysis, the claimant has the burden of showing that he is disabled.  Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform.  *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

17.) Before proceeding to step four, the ALJ found that Ms. Cobart had a residual functional capacity ("RFC") to perform light work, "except she can only occasionally climb, balance, stoop, kneel, crouch and crawl." (R. at 17.) The ALJ found at step four that Ms. Cobart is capable of performing her past relevant work as a cashier/checker and a cashier II. (R. at 20.)

### III.    STANDARD OF REVIEW

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

### IV.    DISCUSSION

Ms. Cobart argues that substantial evidence does not support the ALJ's decision to deny her claims. (Pl.'s Br. 5, ECF No. 10.) Specifically, she argues that (1) the ALJ erred by failing to fully develop the record with regard to the extent of Ms. Cobart's physical injuries, (2) substantial evidence does not support the ALJ's RFC determination, and (3) the ALJ erred in his utilization of the vocational expert ("VE") testimony at step four. (*Id.* at 2.)

### A. THE ALJ'S RFC DETERMINATION

Regarding the ALJ's RFC determination, Ms. Cobart argues that the ALJ failed to develop the record regarding the extent of her physical injuries. (*Id.* at 5.) She additionally argues that substantial evidence does not support the ALJ's RFC determination regarding both her physical and mental limitations. (*Id.* at 10.)

An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. *See* Social Security Ruling 96-8p. It is the claimant's burden to prove her RFC. *See Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004). "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of claimant's ability to function in the workplace." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (internal citations omitted). Although an RFC is a medical determination, in making this determination the ALJ should rely not only on medical evidence, but on all relevant, credible evidence. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).

#### 1. *ALJ's Duty to Develop the Record*

Ms. Cobart argues that since Stanley L. Reyenga, M.D., failed to render an opinion

4

regarding whether there are any limitations in her "ability to walk, stand, sit, lift, carry, handle, finger, see, hear or speak, etc.," the ALJ had a duty to send Dr. Reyenga an interrogatory with this question so that the ALJ would have a full record to make his RFC determination. (*Id.* at 7.) She argues that without Dr. Reyenga's opinion, there is "no opinion evidence" from a doctor as to her RFC. (*Id.*).

The ALJ has a duty to develop the record fully and fairly, "independent of the claimant's burden to press [her] case." *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004). This duty extends to situations where an attorney represents the claimant at the administrative hearing. *Id.* "When a claimant's medical records do not supply enough information to make an informed decision," it is reversible error for the ALJ to neglect to order a consultative examination. *Boyd v. Sullivan*, 960 F.2d 733 (8th Cir. 1992) (citing 20 C.F.R. § 416.917). However, the Secretary does not have a duty to "go to inordinate lengths to develop a claimant's case . . . ." *Battles v. Shalala*, 36 F.3d 43, 45 (8th Cir. 1994) (referring to the amount of investigation needed before the record is fully developed) (citing *Thompson v. Califano*, 556 F.2d 616, 618 (1st Cir. 1977)).

Here, substantial evidence supports the ALJ's decision that the record was fully and fairly developed. While Dr. Reyegna did not answer the last question on the disability determination form, he did answer every other question. (R. at 420-426.) This includes findings that if Ms. Cobart walks 100 feet, it causes "exercise-limiting dyspnea," that she cannot squat and arise from a squatting position without losing her balance, that she cannot walk on her heel and toes because she has pain on her right leg, and that her grip on both hands

5

is fifty percent. (R. at 420-425.) Each of these comments that he places next to his objective findings answers the question that he left blank on the disability determination form. Therefore, substantial evidence supports the ALJ's determination that he had a fully and fairly developed record to make an RFC determination.

### 2. *Physical Limitations*

Ms. Cobart argues that the ALJ erred by solely relying on a consulting physician in his RFC determination. (Pl.'s Br. 11, ECF No. 10.) The ALJ stated that he considered the entire case record, and substantial evidence supports this assertion. (R. at 17.) He considered all treating physician's determinations, as well as Ms. Cobart's subjective claims to the extent that they were credible. (R. at 17-20.) Therefore, substantial evidence supports the ALJ's decision to use all the evidence in the record to assess Ms. Cobart's RFC.

Ms. Cobart argues that the ALJ failed to take into account her obesity and her lack of grip strength in his RFC assessment. (Pl.'s Br. 13-14, EFC No. 10.) Although Ms. Cobart mentioned that she weighs 200 pounds at the administrative hearing, and she mentioned that she drops things, she never claimed either impairment as a "basis for disability before the ALJ or the Appeals Council, nor did she testify about or report" weight-related or grip-related work limitations. (R. at 40, 46); *Mearing v. Barnhart*, 88 Fed. Appx. 148 (8th Cir. Feb. 12, 2004). Therefore, substantial evidence supports the ALJ's decision not to consider those impairments in his RFC assessment.

Ms. Cobart argues that the ALJ found that she uses a walker at home and drags her foot, which is "incongruent with an assessment that she can perform her former job at Lowe's as a

6

cashier-checker standing on her feet all day in front of the cash register." (Pl.'s Br. 12, ECF No. 10.) However, the ALJ found no objective evidence supporting the subjective claims that Ms. Cobart drags her foot. (R. at 19.) In fact, he relied on orthropedic surgeon Earl Peeples, M.D., who stated that "paralysis or neurological damage to large proximal lower extremity muscles resulting in 'dragging' of the limb for three months would produce profound identifiable muscle atrophy and weakness and that those findings were not present on exam." (R. at 19.) Therefore, substantial evidence supports the ALJ's decision to discount Ms. Cobart's claims that she drags her foot and uses a walker at home.

Overall, based on the entire record, substantial evidence supports the ALJ's RFC regarding Ms. Cobart's physical limitations.

### 3. *Mental Limitations*

Ms. Cobart argues that substantial evidence does not support the ALJ's decision to omit her mental limitations in his RFC assessment. (Pl.'s Br. 13-17, ECF No. 10.) At step two, the ALJ found that Ms. Cobart's mental limitations only minimally affect her activities of daily living, social functioning, concentration, persistence or pace. (R. at 16.) He also found that there have been no episodes of decompensation. (R. at 16.) These findings are not challenged by Ms. Cobart. Based on these findings, substantial evidence supports the ALJ's decision to omit mental limitations in his RFC assessment.

### B. STEP FOUR

Ms. Cobart argues that substantial evidence does not support the ALJ's decision at step four that she can return to her past relevant work. (Pl.'s Br. 17, ECF No. 10). She essentially

argues that (1) the ALJ erred in considering her work as a Cashier II as past relevant work, and (2) that she is unable to return to work as a cashier/checker because she cannot perform the job duties that she did when she worked at Lowes. (*Id.* at 17-21.) Since substantial evidence supports the ALJ's finding that Ms. Cobart can return to her past relevant work as a cashier/checker, the Court does not address whether her work as a Cashier II should be considered past relevant work.

Ms. Cobart states that the "Lowe's job was the cashier-checker job which is DOT 21-462-014 which is light and semi-skilled." (Pl.'s Br. 19, ECF No. 10.) She argues that the job "requires lifting/carrying, standing/walking, and reaching/handling which exceeds Plaintiff's abilities as contained in the record." (*Id.*). The ALJ specifically considered all of those impairments in his RFC assessment, as discussed above. Since the ALJ's RFC assessment is supported by substantial evidence, then substantial evidence supports the ALJ's determination that Ms. Cobart can return to her past relevant work.

## V. CONCLUSION

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes there is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the]

conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error. Therefore, the final decision of the Commissioner is affirmed.

SO ORDERED this 8th day of June, 2015.

_____
UNITED STATES MAGISTRATE JUDGE